# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

SHERMAN RICHARDSON                                                                    PLAINTIFF

v.                                           5:18cv00273-DPM-JJV

DOE                                                                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Sherman Richardson ("Plaintiff") is incarcerated at the W.C. "Dub" Brassell Adult Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges he is being "treated inhumanely" by being allowed to shower only once per week and not being able to clean himself or his cell. (*Id.* at 4.) In his prayer for relief, he asks for "something to be done about this" and to "get out of jail." (*Id.* at 5.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.  SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

As a part of the screening process, on October 29, 2018, I notified Plaintiff that his Complaint, as currently pled, failed to state a claim upon which relief may be granted. (Doc. No. 3 at 4.) Plaintiff was given thirty (30) days to cure the Complaint's defects by filing a superseding Amended Complaint; a blank 42 U.S.C. § 1983 was mailed to him. (*Id.*) He was cautioned that if he did not file an Amended Complaint within thirty (30) days, his Complaint could be dismissed without prejudice. (*Id*. at 5.) Plaintiff has not filed an Amended Complaint and the time for doing so has passed.

Plaintiff's Complaint is deficient. He does not name any defendant or assign responsibility to any unnamed person. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Thus, to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's

constitutional rights. *See, e.g.*, *Dockery v. City of Garland*, 2011 WL 1167082, Case No. 4:10CV04071-HFB-JRM, at 2 (W.D. Ark. 2011).

Further, Plaintiff does not explain how he has been harmed in any specific way by the allegedly unconstitutional conditions of his confinement, nor does he allege anyone has been deliberately indifferent to an excessive risk to his health or safety. *See Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (deliberate indifference standard for convicted inmates); *Whitnack v. Douglas Cty.*, 16 F.3d 954, 957 (8th Cir. 1994) (same standard for pretrial detainees). Plaintiff's Complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

DATED this 30th day of November, 2018.

                                                      _____
                                                      JOE J. VOLPE
                                                      UNITED STATES MAGISTRATE JUDGE