IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SHERMAN RICHARDSON                                                              PLAINTIFF

v.                              5:18cv00273-DPM-JJV

DOE, *et al*.                                                                     DEFENDANTS

### AMENDED AND SUBSTITUTED
### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following amended and substituted recommended disposition has been sent to United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    INTRODUCTION

Sherman Richardson ("Plaintiff") is incarcerated at the W.C. "Dub" Brassell Adult Detention Center ("Detention Center") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) As a part of the screening process, on October 29, 2018 I notified Plaintiff that his Complaint, as currently pled (Doc. No. 2), failed to state a claim upon which relief may be granted. (Doc. No. 3, at 4.) Plaintiff was given thirty days to cure the Complaint's defects by filing a superseding Amended Complaint. (*Id.*) After Plaintiff failed to file an Amended Complaint with the time provided to do so, I recommended that his Complaint be dismissed without prejudice for failure to state a claim on which relief may be granted. (Doc. No. 4.) Plaintiff then filed a superseding Amended Complaint on December 3, 2018. (Doc. No. 6). Therefore, I withdraw my previous recommendation and submit this amended and substituted recommendation.

Pursuant to 28 U.S.C. § 1915A(a), I have now screened Plaintiff's Amended Complaint. After careful review, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

On October 29, 2018, Plaintiff was given thirty days to cure the defects in his Complaint by filing a superseding Amended Complaint that: (1) named all the parties he believes deprived him of his constitutional rights and whom he wished to sue in this action; (2) provided specific facts against each named defendant in a simple, concise, and direct manner, including dates, times, and places, if applicable; (3) indicated whether he is suing each defendant in his/her individual of

official capacity, or both capacities; (4) stated how he was harmed; and (5) stated whether he was incarcerated at the time. (Doc. No. 3, at 4.)

In his Amended Complaint, Plaintiff named as Defendants the W.C. Dub Brassell Detention Center and Trya Tyler, Chief at the Detention Center. The allegations in his Amended Complaint, in their entirety, read: "Chief Trya Tyler has broken every rule that they (the Jail) has set forth, and does as she wants and make[s] up rules as the day go[es] by." (*Id*. at 4.) His request for relief asks only that she: "Get in line with the rules that have been set forth by the Jail." (*Id*. at 5).

Plaintiff's claims against the W.C. Dub Brassell Detention Center fail because it is not a "person" subject to suit under 42 U.S.C. § 1983. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (jails not legal entities amenable to suit). And Plaintiff's claims against Defendant Tyler wholly fail on their face.

Plaintiff sued Defendant Tyler in her personal and official capacities. (Doc. No. 6, at 2.) Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Thus, to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's constitutional rights. *See, e.g.*, *Dockery v. City of Garland*, 2011 WL 1167082, Case No. 4:10CV04071-HFB-JRM, at 2 (W.D. Ark. 2011). The information Plaintiff provided is insufficient for me to determine which of his federally-protected rights he contends Defendant Tyler violated and how. And he does not explain how he was harmed by Defendant Tyler's actions. As to his official-capacity claims, Plaintiff does not identify a policy, practice, or custom that he maintains was the driving force behind the alleged violation of his rights, so there is no basis upon which to establish

municipal liability. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In sum, Plaintiff's Amended Complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The pending Proposed Findings and Recommendations (Doc. No. 4) be DENIED as moot.

2. Plaintiff's Complaint, as amended, (Doc. Nos. 2, 6) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

3. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 5th day of December 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."